## In re WINN SHOE CO., Inc.

### IRVING TRUST CO. v. GREEN BROS. REALTY TRUST.

No. 204.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1937.

Otterbourg, Steindler & Houston, of New York City (Edward F. Unger, of New York City, of counsel), for appellant.

Benjamin A. Hartstein, of New York City (Marcus Klein, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS , N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Bankruptcy was adjudicated December 30, 1933. Prior to enactment of the amendment to section 63, 48 Stat. 923, § 4 (a), the trustee rejected the lease and the landlord relet the premises at a lower rental. Thereafter, and within the time permitted for filing claims, a claim was filed for the deficiency. It was allowed in an amount limited as provided by section 63 (a) (7), as amended, 11 U.S.C.A. § 103 (a) (7). The lease contained no covenant respecting reletting or of indemnity, and the trustee contends that under the law of the situs (Maine) the landlord's re-entry and reletting effected a surrender by operation of law and released the bankrupt from any liability for future rents. It is unnecessary to consider the dispute as to the state law because the recent amendment to section 63 (a) (7), 11 U.S. C.A. § 103 (a) (7), has made provable "the claim of a landlord for injury resulting from the rejection by the trustee of an unexpired lease of real estate," notwithstanding his re-entry and reletting. City Bank Farmers Trust Co. v. Irving Trust Co., Trustee, 57 S.Ct. 292, 81 L.Ed. ——, handed down by the Supreme Court on January 4, 1937. It is true this had to do with a claim in a reorganization proceeding, not in strict bankruptcy, as here; but the distinction is immaterial. Section 63 (a) (7), like 77B (b) (10), 11 U.S.C.A. § 207 (b) (10), means that upon rejection of the lease the landlord may still prove his claim, regardless of whether, under the state law, repossession and reletting terminated the lease.

The appellant argues that the amendment to section 63 should not be applied retroactively to a rejection by the trustee and a reletting by the landlord which had occurred, as in the case at bar, prior to its enactment. But it is clear beyond doubt that the amendment was intended to have such retroactive effect. As originally enacted on June 7,

1934, it contained a proviso making it applicable to all "estates pending at the time of the enactment of this amendatory Act," 48 Stat. 924, § 4 (a). By an amendment approved June 18, 1934, this was cut down to pending estates "in which the time for filing such claims has not expired," 48 Stat. 991 (11 U.S.C.A. § 103 (a) (7). Although the provisions of section 77B (b) (10), 11 U.S.C.A. § 207 (b) (10) are perhaps more specific with respect to retroactivity, the difference is of no importance. All the considerations emphasized by Mr. Justice Roberts as evidencing the intention of Congress to mitigate the rigors of existing law by giving the landlord a claim limited in amount and discharging the tenant from further liability are as applicable to strict bankruptcy as to reorganization proceedings, and obviously the relief was made available in pending estates in which the time to file proof of claims had not expired.

Order affirmed.